IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02552-GPG

JAMES ANTHONY SAVAGE,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant James Anthony Savage is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado.  Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On September 26, 2014, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On October 16, 2014, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust administrative remedies.  Applicant did not reply to the Preliminary Response within the time allowed.

The Court must construe liberally the Application because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Applicant asserts he was sentenced on June 20, 2002, and ordered to pay restitution and a fine. According to Applicant, the fine was paid in full on February 5, 2004, and the payment of the $200 monthly restitution, is to commence thirty days after his release from prison until paid in full. Application, ECF 1, at 6. Applicant further asserts that from 2005 until 2014 he has been properly in a "no-obligation" status and not required to make restitution payments under the Inmate Financial Responsibility Plan (IFRP). *Id.* at 7. Prison staff at FCI Coleman now, pursuant to an inquiry by the Assistant United States Attorney in North Carolina, required Applicant to make a monthly restitution payment, and when he refused to do so, placed him in a "refusal" status. *Id.* at 7 and 9. Applicant contends that the BOP has no authority to require monthly payments, because the sentencing court specifically ordered a repayment schedule to begin once Applicant is released. Applicant seeks a reinstatement of his "no obligation" status.

Respondent asserts that, based on the BOP's administrative remedy records, Applicant has not exhausted his administrative remedies. Respondent further asserts that according to the SENTRY database, which is used by the BOP to track administrative remedy complaints and appeals for each inmate, *see* Prelim Resp., Attach 1, ECF No. 9-1, at 2, Applicant submitted a BP-9 remedy request at the local level on July 24, 2014, to be removed from IFRP refusal status, *id* at 4. On September 10, 2014, Applicant filed a BP-10 appeal regarding the refusal status, but as of October 1, 2014, he has not filed a BP-11 appeal to General Counsel, *id.* at 4-5.

Applicant concedes in the Application that he filed a request for an administrative remedy at the local level and appealed to the Regional Director, but states that he is proceeding with a habeas action because completion of the administrative procedure is futile due to the BOP's reliance on the IFRP policies.  Application at 2.

The Court finds as follows.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id*. at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Applicant.  *See* 28 C.F.R. §§ 542.10-19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  *Id.* at § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See id.* at 28 C.F.R. §§ 542.13-15.

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response

3

at the preceding level. *Id.* at § 542.15. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* at § 542.18.

There are reasons for waiving exhaustion requirements. Exhaustion may be waived where an applicant claims prison staff thwarted, prevented, or hindered him from utilizing the administrative remedy process, *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), or it is futile to exhaust the administrative process because there is an adverse decision that would dispose of the exact issue raised by the applicant, *see Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). Applicant, however, may not exhaust his "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

"A limited exception to the exhaustion requirement applies if a[n] [applicant] can demonstrate that exhaustion would be futile." *Staples v. Chester*, 370 F. App'x 925, 929 (10th Cir. 2010) (citing *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006)); *cf. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility in 28 U.S.C. § 2254 actions); *see Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "[T]he futility exception is quite narrow." *Holman v. Booker*, 166 F.3d 347, *3 (10th Cir. Dec. 14, 1998) (Table). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

Applicant's futility claim is conclusory and fails to assert a sufficient excuse for his failure to exhaust. Applicant does not assert why the BOP's reliance on the IFRP policy

results in his request for and appeal of an administrative remedy being futile.  The BP-9 response that Applicant has attached to the Application denies his request for administrative remedy, informs him that he is properly placed in IFRP refusal status, and directs him to file an appeal if he wants to further address his IFRP status. Applicant at 9.  Nothing in the response indicates that exhaustion of Applicant's IFRP status claim would be futile.

The Court, however, takes notice of the untimely Reply that Applicant's wife filed on his behalf on November 13, 2014.  The Reply is signed by Applicant's wife, who asserts that she has power of attorney to act on Applicant's behalf.   Federal law allows two types of representation in court.  Either by an attorney admitted to the practice of law by the applicable regulatory body or by an individual representing himself.  28 U.S.C. § 1654.  Regulation of the unauthorized practice of law is a state matter.  *Doyle v. Oklahoma Bar Assn.*, 998 F.2d 1559, 1569 n. 6 (10th Cir. 1993) (citation omitted). "Colorado law prohibits the unauthorized practice of law, i.e., the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170 (Colo. 2006).  Therefore, the Reply signed by someone claiming power of attorney for Applicant is improperly filed in this case.

Even if the Court were to consider the argument set forth in the Reply, which is repetitive of the argument Applicant states in the Application, the reliance on *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), is not persuasive in this Court.  Furthermore, Applicant's reliance on *Ward* is misplaced.

The sentencing court specifically stated in Applicant's judgment of conviction that his payment of restitution would begin thirty days after his release.  *United States v.*

*Savage*, No. 01-cr-00362-TDS, ECF No. 174 at 8 (M.D. N.C. Aug. 8, 2006). In *Ward*, the sentencing court ordered immediate payment of restitution with the expectation that the BOP would work out the details; but the Ninth Circuit found the sentencing court's order unlawful because the court did not set forth a proper payment schedule in the restitution order. *Ward*, 678 F.3d at 1051. As a result, the BOP was found to lack the authority to collect restitution payments from Mr. Ward through the IFRP.

Unlike the applicant in *Ward,* Applicant has a payment schedule identified by the sentencing court with respect to his restitution payments, which is to start after Applicant is released from prison. Applicant also was assessed $3200, which the sentencing court stated was due immediately and subject to the IFRP. No. 01-cr-00362-TDS at ECF No. 174 at 8. Nonetheless, according to the writ of execution, ECF No. 161, entered by the court in Case No. 01-cr-00362-TDS, Applicant paid the $3200 special assessment on August 2, 2002. Since Applicant has paid the $3200 assessment, which was identified by the sentencing court as being subject to the IFRP, Applicant no longer has a payment schedule like the applicant in Ward, where the sentencing court left for the BOP to determine the details, which later was found to be unlawful.

The futility finding in *Ward*, unlike here, was based on the BOP's continuing requirement of restitution payments even after the sentencing court had vacated its restitution order. In this case, BOP P.S. 5380.08(9)(b) provides for a "no obligation" status for inmates who have no financial obligation while incarcerated, which may apply to Applicant in light of the sentencing court's determination that he did not have to commence the $200 restitution monthly payments until thirty days after his release. Furthermore, Applicant's administrative remedy was not denied based on official BOP


policy at the local level, and P.S. 5380.08(9)(b), which is a BOP policy, provides for the IFRP status he is seeking. Applicant's exhaustion of his claim, unlike the applicant in *Ward*, is not futile.

The Court, therefore, will dismiss this action for failure to exhaust the BOP's administrative remedy procedure before filing a federal 28 U.S.C. § 2241 action in this Court.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status should be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  20th  day of     November    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court